J-S13044-19

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| RAKEISH RAHSAAN COTTON, | : | |
| | : | |
| Appellant | : | No. 1660 WDA 2018 |

Appeal from the PCRA Order Entered November 2, 2018
in the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0002484-2001
CP-02-CR-0002965-2001
CP-02-CR-0012802-2001

BEFORE:     BENDER, P.J.E., OTT, J. and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.:     **FILED MAY 14, 2019**

Rakeish Rahsaan Cotton (Appellant) appeals from the November 2, 2018 order dismissing his petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. Upon review, we quash this appeal.

In light of our disposition, a complete recitation of the factual and procedural history is unnecessary.  Pertinent to this appeal, a jury found Appellant guilty of second-degree murder, robbery, robbery of a motor vehicle, and conspiracy, at docket numbers 2484 of 2001 and 2965 of 2001. Appellant also pleaded guilty at docket number 12802 of 2001 to possession and possession with intent to deliver (PWID).  On June 12, 2002, Appellant was sentenced to life in prison without parole for the second-degree murder conviction, a consecutive term of 10 to 20 years of incarceration for the

_____
*Retired Senior Judge assigned to the Superior Court.

robbery-related convictions, and a concurrent term of 1 to 2 years of incarceration for the PWID conviction. This Court affirmed Appellant's judgments of sentence on April 6, 2005, and on August 25, 2005, our Supreme Court denied Appellant's petition for allowance of appeal. *Commonwealth v. Cotton*, 876 A.2d 460 (Pa. Super. 2005) (unpublished memorandum), *appeal denied*, 881 A.2d 818 (Pa. 2005). Appellant was unsuccessful in obtaining PCRA relief in 2006 and 2012.

On December 3, 2016, Appellant *pro se* filed a PCRA petition listing all three docket numbers. On January 24, 2017, privately-retained counsel, Attorney Craig M. Cooley, entered his appearance on Appellant's behalf. Thereafter, Appellant filed *pro se* a number of filings, including a request to proceed *pro se*. The PCRA court filed notice of its intent to dismiss the PCRA petition without a hearing. That notice was not sent to Attorney Cooley. Appellant filed *pro se* a response, and on July 31, 2017, the PCRA court dismissed Appellant's petition. Appellant *pro se* timely filed a notice of appeal, which the clerk of courts forwarded to Attorney Cooley; however, Attorney Cooley took no further action.

On appeal, a panel of this Court vacated the order dismissing Appellant's PCRA petition, concluding it was necessary for the PCRA court first to dispose of Appellant's request to proceed *pro se. Commonwealth v. Cotton*, 190 A.3d 702 (Pa. Super. 2018) (unpublished memorandum). Appellant states that the PCRA court on remand conducted a hearing on May

1, 2018, permitted counsel to withdraw, and permitted Appellant to proceed *pro se*.[1] Appellant was also ordered to file an amended PCRA petition. Motion to Move Requested Relief Be Granted, 8/2/2018, at ¶ 2. On August 20, 2018, the PCRA court filed notice of its intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907. Appellant filed a response, and on November 2, 2018, the PCRA court dismissed Appellant's petition. Appellant filed a notice of appeal from that order, again listing all three docket numbers. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

Before we reach the issue presented by Appellant on appeal, we must address first the fact that Appellant filed a single notice of appeal raising an issue that relates to three docket numbers. In **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018), our Supreme Court considered whether to quash an appeal where one notice of appeal was filed for orders entered at more than one docket number. The Official Note to Pennsylvania Rule of Appellate Procedure 341(a) provides that "[w]here … one or more orders resolves [*sic*] issues arising on more than one docket … separate notices of appeal must be filed." In **Walker**, our Supreme Court found that the "Official Note to Rule 341 provides a bright-line mandatory instruction to practitioners to file separate notices of appeal." **Id.** at 976-77. Thus, it held that for appeals

---

[1] This transcript is not included in the certified record.

- 3 -

filed after June 1, 2018, the date **Walker** was filed, "when a single order resolves issues arising on more than one lower court docket, separate notices of appeal must be filed." **Id.** at 977. The Court emphasized that the "failure to do so will result in quashal of the appeal." **Id.**

In this case, on November 9, 2018, Appellant filed a single notice of appeal from an order dismissing his PCRA petition, which listed three docket numbers. Because Appellant filed his notice of appeal after our Supreme Court's decision in **Walker**, we must quash this appeal. **See Commonwealth v. Williams**, __ A.3d __, 2019 WL 1272699, at *2 (Pa. Super. 2019) (quashing a single notice of appeal filed on June 4, 2018, by a *pro se* prisoner from an order denying a PCRA petition pertaining to multiple docket numbers).

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: 5/14/2019

- 4 -